### DAISY PEARSON v. CALEB K. HASSIE.
### FLORENCE E. HASSIE, INTERVENER.[1]

June 11, 1937.

No. 31,266.

*Philip J. Mackey,* for appellant.
*W. J. Giberson,* for intervener-respondent.

[1]Reported in 273 N. W. 677.

STONE, JUSTICE.

This action began life as one only between plaintiff and defendant. Its initial purpose was to have plaintiff declared the owner of the securities hereinafter mentioned. Later, intervener, defendant's divorced wife, intruded in an effort, successful below, to subject the securities, as defendant's property, to payment of alimony due her from defendant under the decree of divorce which she had procured from him May 9, 1935. Plaintiff appeals from the order denying her motion for amended findings or a new trial.

The securities consist of postal savings certificates and bonds aggregating the principal sum of $5,000, divided equally between certificates and bonds. The latter were issued January 1, 1935, and the certificates on the succeeding day. Plaintiff has possession of them, but they were issued in the name of defendant. The case has been argued here for plaintiff on the theory that she was the beneficiary of a resulting trust in the securities. Her claim is that she furnished from her own funds the money wherewith they were purchased and that she had them issued in defendant's name under agreement with him for her own convenience and to serve her own purposes. Hence the backdrop of law, against which the evidence must be viewed here, is overlaid by the harmonizing and dominating colors of two rules: (1) The burden is on plaintiff to prove her case by evidence of a "clear and satisfactory" nature, Durfee v. Pavitt, 14 Minn. 319, 320 (424) ; and (2) we cannot disturb the decision unless it is manifestly and palpably against the weight of the evidence, Sommers v. City of St. Paul, 183 Minn. 545, 551, 237 N. W. 427.

A principal witness for plaintiff was defendant. His business record, as disclosed by his testimony, was not entirely beyond reproach. He had been a frequent practitioner of the artifice of concealing his own property under cover of the names of others. One such transfer had been set aside as fraudulent. He had transacted much business, important as to volume and money involved, so he testified, without keeping anything in the way of books of account or other records. In other respects his testimony was not free from improbability and indicia of fabrication.

Neither was plaintiff's testimony in her own behalf of such nature as to compel belief. Her husband died in 1922. In a small way he had operated in real estate, plaintiff's claim being that he had turned over to her enough of his net earnings so that at his death she had $30,000, scattered around in deposit boxes at several banks, in Liberty bonds, and some always in her own custody. She swore that she "had a considerable part of the $30,000 in cash hidden * * * in the Piedmont Apartments in 1922" in St. Paul.

On cross-examination she was persistently reluctant to testify, doing so only under the acceleration of admonitions from the court or her counsel that she "must answer that question." Repeatedly she sought recourse under the shelter of an assumed or actual lack of memory. She had much experience with lawyers, taking pains to see that her counsel "didn't know everything about my financial affairs." Against one (not in Minnesota) she claimed to have prosecuted an assault action to a successful settlement. The defendant had been a friend of her husband's. He had been plaintiff's adviser also, but again she had taken "particular pains" to see that he had not gained any extensive knowledge of her business affairs. She owned or had owned a farm in North Dakota. Before testifying concerning it, she inquired of the court whether "it is necessary for me to disclose my holdings." The farm had been mortgaged for "around $2,000 or $2,200." She did not know to whom she had paid the mortgage interest or at what rate.

Concerning another more recent $5,000 mortgage transaction wherein she was the ostensible borrower, she refused, as long as the court would permit, to say whether she got cash for the mortgage or who was the mortgagee. As to her business also, there was lack of either contemporaneous or other record.

In short, without going into more detail, the evidence for plaintiff, because of deficiencies of the kind indicated, particularly in the testimony of plaintiff herself, is held not to be of the nature necessary to justify us in disturbing the decision for intervener.

Affirmed.